IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

QAIS HUSSEIN,

Petitioner,

v.

Civil Case No. 17-cv-1376-DRH
Criminal Case No. 14-cr-30177-DRH

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM & ORDER

This matter is before the Court on petitioner Qais Hussein's ("Hussein") motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 ("2255") (Doc. 1). The government filed a response in opposition of the motion (Doc. 14). Hussein then filed a reply to the government's response (Doc. 19). On December 19, 2018, because a great deal of overlap exists, the Court conducted a joint evidentiary hearing regarding both Hussein's and Majdi Odeh's ("Odeh") 2255 petition. For the following reasons, Hussein's motion for relief pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**.

### I.  Introduction and Background

On October 22, 2014 a grand jury indicted Hussein and Odeh with a four-count indictment (*USA v. Hussein et al.*, 14-cr-30177, (Doc. 1)). Count 1 of the indictment charged Hussein and Odeh with conspiracy to unlawfully acquire Supplemental Nutrition Assistance Program ("SNAP") benefits, in violation of 18 U.S.C. § 371. *Id.* Count 2 and 3 charged aiding and assisting in the preparation and

presentation of a false tax return, in violation of 26 U.S.C. § 7206(2). *Id.* Count 4 charged trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 2320(a) and 2. *Id.*

On May 11, 2015, Hussein pleaded guilty to all four counts, stipulating to losses to the Government of $1.6 million. The Court sentenced Hussein to 85 months while denying him a three-level reduction credit for acceptance of responsibility because he frivolously challenged the loss amount at issue. Hussein's direct appeal was dismissed because his Plea Agreement contained appellate waivers. *United States v. Odeh*, 832 F.3d 764, 765-68 (7th Cir. 2016), *cert.* denied, 137 S. Ct. 1106 (2/21/17).

After the dismissal of his appeal, Hussein filed his petition seeking relief under 2255 (Doc. 1). In his 2255 petition, Hussein raises six grounds as the basis for his relief: (1) voluntariness of plea; (2) failure to investigate and conduct discovery; (3) loss of acceptance of responsibility; (4) obstruction of justice enhancement; (5) speedy trial; and, (6) immigration consequences *Id.*

On December 19, 2018, the Court conducted a joint evidentiary hearing regarding both Hussein's and Odeh's 2255 petition. During the hearing, Hussein waived five grounds (1,2,4,5,6) as the basis of his 2255 relief and proceeded on ground three which relates to Hussein's loss of acceptance of responsibility.

## II. Applicable Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007).

Thus, unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided on direct appeal. *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). Further, a petitioner cannot raise constitutional issues that he could have but did not directly appeal unless he shows good cause for and actual prejudice from his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States,* 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could

be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Hussein claims his plea was involuntary and unknowing. The Seventh Circuit has held that "a guilty plea must be both a knowing and voluntary act." *Key v. United States*, 806 F.2d 133, 136 (7th Cir. 1986). "To ensure this, Federal Rule of Criminal Procedure 11(d) requires that the trial judge ask the defendant specific questions concerning the voluntariness of the plea agreement. This questioning creates a record that can be used in future appeals and collateral attacks." *Id.*

Hussein raises various claims which he purports to be claims of ineffective assistance of counsel. Importantly, the Supreme Court has held that the usual procedural default rule does not generally apply to such claims inasmuch as, "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States,* 538 U.S. 500, 504 (2003).

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second

prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). To establish that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012).

### III. <u>Application</u>

*Loss of Acceptance of Responsibility*

Hussein's sole remaining ground for relief is based on his claim that his counsel was ineffective because he failed to secure a waiver from the government prior to joining in the motion challenging the loss calculation. Specifically, Hussein argues that:

> Counsel's joining of co-defendant's motion challenging the loss amount stipulated in the plea agreement by the government. The government's position was accepted by the sentencing Court. Consequently, the Court denied Hussein the 3 level reduction credit for acceptance of Responsibility (25 months additional jail time without the 3 level reduction). The Seventh Circuit Court of Appeals upheld the holding of the District Court. Therefore, Hussein is serving [an] extra 25 months in jail as a result of Counsel's Failure.

(Doc. 1, p. 7).

The Supreme Court has held that:

> We apply the two-part *Strickland* test to ineffective assistance of counsel claims in the plea bargain context. *Frye*, 566 U.S. at 140, 132 S.Ct. 1399. First, the defendant must show deficient performance— "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Second, the defendant must show prejudice – "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052.

*United States v. Jansen*, 884 F.3d 649, 656 (7th Cir. 2018).

Here, the Court does not believe Hussein's testimony that he had no discussion with his counsel, Mr. William Daniel ("Daniel"), about contesting the loss amount. During the December 19 evidentiary hearing, Hussein conceded that he made the decision to challenge the loss amount but was following Daniel's advice on that issue. It is appropriate for a lawyer to give advice and, at the same time, rely on information supplied by a criminal defendant. Therefore, if a criminal defendant, like Hussein, misrepresents such foundational information resulting in this case to an expert witness giving testimony that was completely inaccurate, and which resulted in an opinion that did not aid the Court in its determination, then the Court may find such challenge to be frivolous. In this instance, the Court finds that Hussein's challenge of the loss amount was frivolous and the pursuit of that is on Hussein. As such, because Hussein failed to satisfy the two-part *Strickland* test, his claim for ineffective assistance of counsel is denied.

## IV. Conclusion

For the reasons as discussed herein, Hussein's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **DENIED** (Doc. 1). Hussein's claims are **DISMISSED WITH PREJUDICE**. The Court shall not issue a certificate of appealability. Furthermore, the Clerk is instructed to close the file and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.12.20
13:09:43 -06'00'

**United States District Judge**